Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

VICTOR MOSSO GARCIA, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

SOPHIA RESTAURANT LLC (D/B/A RARE ITALY RESTAURANT STEAK LOBSTER) AND ELDAR UGUZOV,

*Defendants.*

---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Victor Mosso Garcia, individually and on behalf of others similarly situated ("Plaintiff Mosso"), by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Sophia Restaurant LLC. (d/b/a/ Rare Italy Restaurant Steak Lobster) ("Defendant Corporation") and Eldar Uguzov ("Individual Defendant"), (collectively, "Defendants"), alleges upon information and belief as follows:

## NATURE OF ACTION

1. Plaintiff Mosso was an employee of Defendants Sophia Restaurant LLC. (d/b/a Rare Italy Restaurant Steak Lobster) and Eldar Uguzov who own and operate Rare Italy Restaurant Steak Lobster.

Rare Italy Restaurant Steak Lobster is an Italian restaurant owned by Eldar Uguzov, located at 1005 Surf Avenue, Brooklyn, NY 11224.

2. Upon information and belief, Defendant Eldar Uguzov serves or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the Italian restaurant as a joint or unified enterprise.

3. Plaintiff Mosso was an employee of Defendants.

4. Plaintiff Mosso worked long days as a cook and dishwasher at the Italian restaurant located at 1005 Surf Avenue, Brooklyn, NY 11224.

5. Plaintiff Mosso regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, spread of hours pay and overtime compensation for any of the hours that he worked each week.

6. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Mosso appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Mosso the required “spread of hours” pay for any day in which he had to work over 10 hours a day.

8. Defendants’ conduct extended beyond Plaintiff Mosso to all other similarly situated employees.

9. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Mosso and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Mosso now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

11. Plaintiff Mosso seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Mosso's state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Mosso was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Victor Mosso Garcia ("Plaintiff Mosso" or "Mr. Mosso") is an adult individual residing in Kings County, New York. Plaintiff Mosso was employed by Defendants from approximately June 2023 until on or about September 12, 2026.

15. Plaintiff Mosso consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. Defendants own, operate, and/or control an Italian restaurant located at 1005 Surf Avenue, Brooklyn, NY 11224 under the name of Rare Italy Restaurant Steak Lobster, at all times relevant to this complaint.

17. Upon information and belief, Defendant Sophia Restaurant LLC. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1005 Surf Avenue, Brooklyn, NY 11224.

18. Defendant Eldar Uguzov is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Eldar Uguzov is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Eldar Uguzov possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Eldar Uguzov determined the wages and compensation of employees,

including Plaintiff Mosso, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

19. Defendants operate an Italian restaurant located in the Coney Island section of Brooklyn in New York City.

20. Individual Defendant, Eldar Uguzov possesses operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

21. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22. Each Defendant possesses substantial control over Plaintiff Mosso's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Mosso, and all similarly situated individuals, referred to herein.

23. Defendants jointly employ Plaintiff Mosso, and all similarly situated individuals, and are Plaintiff Mosso's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

24. In the alternative, Defendants constitute a single employer of Plaintiff Mosso and/or similarly situated individuals.

25. Upon information and belief, Individual Defendant Eldar Uguzov operates Defendant Corporation as either an alter ego of himself, and/or fail to operate Defendant Corporation as an entity legally separate and apart from himself, by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

26. At all relevant times, Defendants were Plaintiff Mosso's employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiff Mosso, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Mosso's services.

27. In each year from 2023 to 2026, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the Italian restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

29. Plaintiff Mosso is a former employee of Defendants, who was employed as a cook and dishwasher.

30. Plaintiff Mosso seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Victor Mosso Garcia*

31. Plaintiff Mosso was employed by Defendants from approximately June 2023 until on or about September 12, 2026.

32. At all relevant times, Plaintiff Mosso was employed by Defendants to work as a cook and dishwasher.

33. Plaintiff Mosso regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a cook and dishwasher.

34. Plaintiff Mosso's work duties required neither discretion nor independent judgment.

35. From approximately June 2023 until on or about February 2026, Plaintiff Mosso worked from approximately 12:00 p.m. until on or about 10:00 p.m. Wednesdays through Sundays typically 50 hours per week).

36. From approximately March 2026 until on or about September 12, 2026, Plaintiff Mosso worked from approximately 12:00 p.m. until on or about 10:00 p.m. Mondays through Thursdays and from approximately 12:00 p.m. until on or about 1:00 a.m. Fridays through Sundays (typically 77 hours per week).

37. Throughout his employment, Defendants paid Plaintiff Mosso his wages in cash.

38. From approximately June 2023 until on or about February 2026, Defendants paid Plaintiff Mosso $15.00 per hour.

39. From approximately March 2026 until on or about September 12, 2026, Defendants paid Plaintiff Mosso $18.00 per hour.

40. For nine weeks in 2026, Defendants did not pay Plaintiff Mosso any wages for his hours worked.

41. Defendants never granted Plaintiff Mosso any breaks or meal periods of any kind.

42. Plaintiff Mosso was not required to keep track of his time, nor to his knowledge, did Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

43. Defendants did not provide Plaintiff Mosso with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

44. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Mosso regarding wages as required under the FLSA and NYLL.

45. Defendants did not provide Plaintiff Mosso a statement of wages, as required by NYLL 195(3).

46. Defendants did not give any notice to Plaintiff Mosso, in English and in Spanish (Plaintiff Mosso's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

47. As a result of Defendants' failure to provide Plaintiff Mosso with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

48. Defendants required Plaintiff Mosso to purchase "tools of the trade" with his own funds—including 3 hair covers and 1 special knife.

*Defendants' General Employment Practices*

49. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Mosso and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation and spread of hours pay as required by federal and state laws.

50. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Mosso and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage and overtime compensation, as required by federal and state laws.

51. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

52. Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Mosso with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Mosso's relative lack of sophistication in wage and hour laws.

53. Defendants paid Plaintiff Mosso all of his wages in cash.

54. Plaintiff Mosso was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Mosso by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

56. Defendants also failed to provide Plaintiff Mosso with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Mosso's relative lack of sophistication in wage and hour laws.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mosso (and similarly situated individuals) worked, and to avoid paying Plaintiff Mosso properly for (1) his full hours worked, (2) for overtime due.

58. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Mosso and other similarly situated current and former employees.

60. Defendants failed to provide Plaintiff Mosso and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

61. Defendants failed to provide Plaintiff Mosso and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of

business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

62. As a result of Defendants' failure to provide Plaintiff Mosso and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Mosso and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

**FLSA COLLECTIVE ACTION CLAIMS**

63. Plaintiff Mosso brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Sophia Restaurant LLC. (the "FLSA Class").

64. At all relevant times, Plaintiff Mosso and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Mosso's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

65. The claims of the Plaintiff stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

66. Plaintiff Mosso repeats and re-alleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiff Mosso's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Mosso (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

68. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70. Defendants failed to pay Plaintiff Mosso (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

71. Defendants' failure to pay Plaintiff Mosso (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff Mosso (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

73. Plaintiff Mosso repeats and re-alleges all paragraphs above as though fully set forth herein.

74. Defendants, in violation of the FLSA, failed to pay Plaintiff Mosso (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

75. Defendants' failure to pay Plaintiff Mosso (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff Mosso (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE RATE**

77. Plaintiff Mosso repeats and re-alleges all paragraphs above as though fully set forth herein.

78. At all times relevant to this action, Defendants were Plaintiff Mosso's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Mosso (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

79. Defendants, in violation of the NYLL, paid Plaintiff Mosso (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

80. Defendants' failure to pay Plaintiff Mosso (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

81. Plaintiff Mosso (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAWS

82. Plaintiff Mosso repeats and re-alleges all paragraphs above as though fully set forth herein.

83. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Mosso (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

84. Defendants failed to pay Plaintiff Mosso (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

85. Defendants' failure to pay Plaintiff Mosso (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86. Plaintiff Mosso (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR**

87. Plaintiff Mosso repeats and re-alleges all paragraphs above as though fully set forth herein.

88. Defendants failed to pay Plaintiff Mosso (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Mosso's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

89. Defendants' failure to pay Plaintiff Mosso (and the FLSA Class members) an additional hour's pay for each day Plaintiff Mosso's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

90. Plaintiff Mosso (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**(VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)**

91. Plaintiff Mosso repeats and re-alleges all paragraphs above as though fully set forth herein.

92. Defendants failed to provide Plaintiff Mosso with a written notice, in English and in Spanish (Plaintiff Mosso's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

93. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Mosso, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

94. Defendants are liable to Plaintiff Mosso in the amount of $5000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**(VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)**

95. Plaintiff Mosso repeats and re-alleges all paragraphs above as though set forth fully herein.

96. Defendants did not provide Plaintiff Mosso with wage statements upon each payment of wages, as required by NYLL 195(3).

97. As a result of Defendants' failure to furnish accurate statements to Plaintiff Mosso, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

98. Defendants are liable to Plaintiff Mosso in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

99. Plaintiff Mosso repeats and realleges all paragraphs above as though fully set

forth herein.

100. Defendants required Plaintiff Mosso to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

101. Plaintiff Mosso was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mosso respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mosso and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mosso and the FLSA class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Mosso and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Mosso and the FLSA class members;

(f) Awarding Plaintiff Mosso and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Mosso and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mosso and the members of the FLSA Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mosso and the members of the FLSA Class;

(j) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Mosso and the members of the FLSA Class;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Mosso and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Mosso and the FLSA Class members;

(m) Awarding Plaintiff Mosso and the FLSA class members damages for the amount

of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, under the NYLL as applicable;

(n) Awarding Plaintiff Mosso damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff Mosso and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p) Awarding Plaintiff Mosso and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Mosso and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees; and

(r) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Mosso demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 24, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

*/s/ Michael Faillace*

By: Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

michael@faillacelaw.com


September 14, 2026

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Victor Mosso

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: ______________________

Date / Fecha: September 14, 2026